**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
BY:  DRAKE P. BEARDEN, JR., ESQUIRE
Attorney I.D.  308035
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Telephone:  (856) 596-4100
Facsimile:  (856) 702-6640
Email:  dbearden@lawjw.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHALIL LARKIN<br><br>*Plaintiff,*<br><br>v.<br><br>UPPER DARBY SCHOOL DISTRICT, JOHN DOES 1-5 and JOHN DOES 6-10,<br><br>*Defendant(s).* | CIVIL ACTION NO.<br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff, Khalil Larkin, residing in the Commonwealth of Pennsylvania, by way of Complaint against the Defendant, says:

### PRELIMINARY STATEMENT

1. Plaintiff brings this claim pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, et seq., ("Title VII") alleging racial discrimination and retaliation.

2. Plaintiff further brings claims pursuant to the Pennsylvania Human Relations Act ("PHRA") alleging discrimination based on race and retaliation

1

## JURISDICTION

3. This action is brought pursuant to Title VII of the Civil Rights Act and the PHRA. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory provisions.

4. Jurisdiction lies under state law claims based on the principles of supplemental jurisdiction codified at 28 U.S.C. § 1367.

5. The amount in controversy exclusive of interests and costs exceeds the minimum required amount of $75,000.00.

## VENUE

6. All claims herein arose within the jurisdiction of the United States Court for the Eastern District of Pennsylvania and involved a Defendant who resides within the jurisdictional limits. Venue is accordingly invoked according to the dictates of 28 U.S.C. § 1391(b) and (c).

7. On March 3, 2023, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, harassment and retaliation against Defendant.

8. Plaintiff dual filed the complaint with the Pennsylvania Human Relations Commission.

9. The EEOC sent Plaintiff a right to sue letter dated March 6, 2023.

## PARTIES

10. Plaintiff, Khalil Larkin, was at all times relevant herein, a Black man, a resident of the Commonwealth of Pennsylvania, and a former employee of Defendant Upper Darby School District.

11. Defendant Upper Darby School District was, at all times relevant herein, a public entity operating in the Commonwealth of Pennsylvania.

**FACTS**

12. Plaintiff began working for Defendant in and around the end of September 2022.

13. Defendant fired Plaintiff on or around January 13, 2023,

14. Plaintiff worked for a staffing agency which placed Plaintiff at Beverly Hills Middle School, which is part of the Upper Darby School District.

15. Plaintiff's supervisor was a White man named John Purcell.

16. Purcell's job was to oversee staffing at Defendant.

17. In September 2022, there was an incident when Plaintiff had to leave work.

18. Purcell told Plaintiff his clock-in time on that particular date was incorrect.

19. As a result, Plaintiff did not receive his paycheck for two weeks.

20. Normally, employees are paid every week.

21. After that incident, Plaintiff asked Purcell to print out Plaintiff's timecard so that he had an accurate statement of when Plaintiff clocked in and out.

22. Purcell told Plaintiff he was not printing out any timecard for Plaintiff.

23. When Plaintiff was talking to Purcell, Purcell rolled his eyes, walked away from Plaintiff in the middle of talking to him, and began speaking to another White employee.

24. Purcell routinely spoke to Plaintiff and other Black employees in a demeaning manner.

25. For example, Purcell told Plaintiff to "fetch me" some binders.

26. During another incident in November of 2022, Plaintiff had a doctor's appointment scheduled so he was intending on leaving work early that day.

27. On that day, Purcell called Plaintiff and told Plaintiff he wanted him to shadow a student.

28. Plaintiff went into Purcell's office and told Purcell he was leaving early for a doctor's appointment.

29. Purcell told Plaintiff he needed to do what he says.

30. Purcell told Plaintiff, "I don't have time to teach you people how to do your jobs".

31. Purcell also emailed Plaintiff's recruiter, Shawn Ramer, and complained about Plaintiff.

32. Purcell did this instead of approaching Plaintiff when he had an issue with Plaintiff's job performance.

33. There was another instance in November of 2022, when a student said Purcell was afraid of Black men.

34. Other students at Beverly Hills Middle School said they have heard Purcell make racist comments in the past.

35. In or around the end of November of 2022, Plaintiff filed a discrimination complaint with the assistant principal Jerome Neal.

36. Plaintiff's understanding is that Neal forwarded the complaint to the principal, Wayne Remmey.

37. After Plaintiff filed the discrimination complaint at the end of November of 2022, someone from Human Resources contacted the Plaintiff.

38. The Human Resources representative said they were going to conduct an internal investigation regarding Plaintiff's complaint.

39.     On or around January 13, 2023, Plaintiff had a meeting with Kimisha Simpson and Matthew Casertano regarding Plaintiff's discrimination complaint.

40.     During the meeting, Plaintiff repeated his accusations that he believed Purcell harassed and discriminated against him because he is a Black man.

41.     After the meeting, Defendant fired Plaintiff from his position.

## **LEGAL ALLEGATIONS**

42.     During the relevant periods of time, Plaintiff was qualified to perform the functions of his job.

43.     Plaintiff was a member of a protected class as a Black male, and as an individual who engaged in protected conduct by complaining about discrimination in the workplace.

44.     Defendant subjected Plaintiff to adverse employment actions which included, but were not limited to, terminating Plaintiff from his employment.

45.     A determinative or motivating factor in the adverse employment actions Defendant took against Plaintiff was the fact that Plaintiff was Black, and the fact that he engaged in protected conduct.

46.     Because the discrimination and retaliation were knowing, intentional and purposeful, punitive damages are warranted because the conduct was either undertaken by members of upper management, or members of upper management were willfully indifferent to the conduct.

47.     As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer economic and non-economic harm.

## COUNT I
### RACE DISCRMINATION IN VIOLATION OF TITLE VII

48. Plaintiff incorporates the paragraphs above as though fully set forth at length hereat.

49. Plaintiff was subjected to discrimination based on his race that had an adverse effect on his employment.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly, severally, and in the alternative, together with compensatory damages including emotional pain and suffering, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just under the circumstances.

## COUNT II
### RETALIATION IN VIOLATION OF TITLE VII

50. Plaintiff incorporates the paragraphs above as though fully set forth at length hereat.

51. Plaintiff engaged in protected activity under Title VII when he made a complaint about race discrimination in the workplace.

52. Subsequent to Plaintiff engaging in the protected activity outlined above, Defendant subjected Plaintiff to adverse employment actions as set forth above.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly, severally, and in the alternative, together with compensatory damages including emotional pain and suffering, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back

pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just under the circumstances.

## COUNT III
## RACE DISCRMINATION UNDER THE PHRA

53. Plaintiff incorporates the paragraphs above as though fully set forth at length hereat.

54. Plaintiff was subjected to discrimination based on his race that had an adverse effect on his employment.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly, severally, and in the alternative, together with compensatory damages including emotional pain and suffering, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just under the circumstances.

## COUNT IV
## RETALIATION UNDER THE PHRA

55. Plaintiff incorporates the paragraphs above as though fully set forth at length hereat.

56. Plaintiff engaged in protected activity under the PHRA when he made a complaint about race discrimination in the workplace.

57. Subsequent to Plaintiff engaging in the protected activity outlined above, Defendant subjected Plaintiff to adverse employment actions as set forth above.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly, severally, and in the alternative, together with compensatory damages including emotional pain and suffering, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back

pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just under the circumstances.

58. Plaintiff requests the following equitable remedies and relief in this matter:

A. Plaintiff requests a declaration by this Court that the practices contested herein violate state and federal laws as set forth herein.

B. Plaintiff requests that this Court order Defendant to cease and desist all conduct and in consistent with the claims made herein going forward, both as to the specific Plaintiff and to all other individuals similarly situated.

C. Plaintiff requests that in the event equitable reinstatement and/or equitable back pay and front pay is ordered to the Plaintiff, that all lost wages, benefits, and other compensation is also equitably restored to the Plaintiff.

D. Plaintiff requests that the Court order Defendant to alter its files so as to expunge any reference to which the Court finds violates the statutes set forth herein.

E. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

## **DEMAND TO PRESERVE EVIDENCE**

1. Defendant is hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information

and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**

By: *Drake P. Bearden, Jr.*
Drake P. Bearden, Jr.
*Attorneys for Plaintiff*

Dated: May 23, 2023