IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIL LARKIN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-1937 |
| | : | |
| UPPER DARBY SCHOOL DISTRICT, et al. | : | |
| | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                                        **January 31, 2024**

      Plaintiff Khalil Larkin brings this suit under Title VII of the 1964 Civil Rights Act and the Pennsylvania Human Relations Act ("PHRA") against Defendant Upper Darby School District ("Upper Darby") for race discrimination and retaliation. Upper Darby moves to dismiss the Complaint for failure to exhaust administrative remedies, failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and failure to join an indispensable party under Federal Rule of Civil Procedure 12(b)(7). Larkin's PHRA claims will be dismissed without prejudice because he failed to satisfy the PHRA's exhaustion requirements. But because Larkin exhausted his Title VII administrative remedies, sufficiently alleged an employment relationship with Upper Darby, and joined all required parties, Upper Darby's motion to dismiss is denied as to Larkin's Title VII claims.

**BACKGROUND**

      In 2022, Larkin worked for staffing agency U.S. Medical. Am. Compl. ¶ 14, ECF No. 9; Pl's Resp. to Mot. Dismiss 6, ECF No. 14. In September 2022, U.S. Medical placed Larkin at Beverly Hills Middle School in the Upper Darby School District. Am. Compl. ¶¶ 12, 14. As his placement, Upper Darby determined Larkin's pay, controlled his daily activities—including the days and times worked and the type of work performed—and furnished the necessary work

1

equipment. *Id*. ¶¶ 43-46. Larkin, a Black man, was supervised by John Purcell, a White man who oversaw staffing at Upper Darby. *Id*. ¶¶ 15-16. Purcell "routinely spoke to [Larkin] and other Black employees in a demeaning manner" and made racist comments. *Id*. ¶¶ 24, 33-34. After multiple instances of Purcell's harassing and discriminatory behavior, Larkin filed a discrimination complaint with assistant principal Jerome Neal in November 2022. *Id*. ¶ 35. A human resources representative told Larkin they would internally investigate his complaint. *Id*. ¶ 38. On January 13, 2023, Larkin met with Kimisha Simpson and Matthew Casertano to discuss his complaint. *Id*. ¶ 39. Upper Darby fired Larkin after the meeting. *Id*. ¶ 41.

Larkin dual-filed administrative complaints with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on March 3, 2023. *Id*. ¶ 7. After the EEOC sent him a right-to-sue notice on March 6, 2023, Larkin filed this suit on May 23, 2023. *Id*. ¶ 9; ECF No. 1. He filed his Amended Complaint on August 29, 2023, alleging Upper Darby's discrimination and retaliation resulted in his economic and non-economic harm. Am. Compl. ¶ 53. Upper Darby has now moved to dismiss the Complaint. ECF No. 10.

**STANDARD OF REVIEW**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). In evaluating a Rule 12(b)(6) motion, a district court must separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all factual allegations . . . as true, construe the complaint in

the light favorable to the plaintiff, and ultimately determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

**DISCUSSION**

Larkin alleges Upper Darby subjected him to unlawful race discrimination and retaliation for complaining about discrimination in the workplace in violation of Title VII and the PHRA. Am. Compl. ¶¶ 54-63. Upper Darby seeks dismissal of Larkin's Complaint because he failed to (1) exhaust his administrative remedies; (2) sufficiently plead Upper Darby was his employer; and (3) join a necessary party. Mem. Law Supp. Mot. Dismiss 1, ECF No. 10-1.

As an initial matter, Larkin's PHRA claims will be dismissed without prejudice. When filing claims under the PHRA, a plaintiff must give the PHRC one year to investigate before filing a complaint with this Court. *See* 43 Pa. Cons. Stat. § 962(c); *see also Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001) (explaining the PHRC "has exclusive jurisdiction over [a PHRA] claim for a period of one year in order to investigate and, if possible, conciliate the matter."). This one-year PHRA limitation still applies when a plaintiff has dual-filed administrative complaints with both the EEOC and PHRC. *See, e.g.*, *Bushra v. Main Line Health, Inc.*, Civ. No. 23-1090, 2023 WL 9005584, at *4 (E.D. Pa. Dec. 28, 2023). Larkin dual-filed his administrative complaints with the EEOC and the PHRC on March 3, 2023, and he agrees the one-year PHRA period does not expire until March 3, 2024. Pl's Resp. to Mot. Dismiss 3. Accordingly, he has failed to satisfy the PHRA's exhaustion requirements, and his PHRA claims are dismissed without prejudice.

Upper Darby also presents three challenges against Larkin's Title VII claims. First, it claims this Court has no jurisdiction to hear Larkin's EEOC claims because he failed to exhaust

his administrative remedies. Mem. Law Supp. Mot. Dismiss 5. A Title VII claimant must exhaust all required administrative remedies before proceeding to federal court. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). The administrative prerequisites to a Title VII claim are (1) the filing of charges with the EEOC and (2) receipt of the EEOC's notice of the right to sue. *Id*. After charges are filed, the EEOC is required to issue a notice of the right to sue if it dismisses a charge or if 180 days have passed without certain enumerated EEOC actions having been taken. *See* 42 U.S.C. § 2000e-5(f)(1). The EEOC has also promulgated a regulation explaining when a right-to-sue notice can be issued before the 180-day period is complete:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued . . . the Commission may issue [a] notice . . . at any time prior to the expiration of 180 days from the date of filing of the charge with the Commission; provided that [a designated EEOC official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

29 C.F.R. § 1601.28(a)(2).

Upper Darby argues Larkin failed to satisfy Title VII's exhaustion requirements because he requested a right-to-sue notice simultaneously with his filing of charges and received the notice one business day later—far earlier than the 180-day period, an early issuance which "is not a valid exhaustion of Title VII's administrative remedies." Mem. Law Supp. Mot. Dismiss 6. Upper Darby asks the Court to dismiss Larkin's Complaint and remand it for further administrative proceedings, in "true compliance with the spirit of the exhaustion requirement". *Id*. at 5, 8.

Larkin has satisfied both of Title VII's administrative prerequisites. It is well-established that a plaintiff is "not charged with the [EEOC's] failure to perform its statutory duties." *Evans v. Maax-KSD Corp.*, Civ. No. 06-2804, 2006 WL 3488708, at *3 (E.D. Pa. Nov. 30, 2006) (quoting *McClease v. R.R. Donnelley & Sons Co.*, 226 F. Supp. 2d 695, 704 (E.D. Pa. 2002)). The statutory scheme places the responsibility to investigate prior to issuing a right-to-sue notice on the EEOC—

not Larkin. *See* 42 U.S.C. § 2000e-5(b) ("the [EEOC] shall serve a notice of the charge . . . and shall make an investigation thereof"). To the extent Upper Darby takes issue with Larkin's receipt of the right-to-sue notice one business day after his request, any alleged failure to investigate falls on the EEOC. In filing a charge with the EEOC and receiving notice of his right to sue, Larkin has satisfied both of Title VII's administrative prerequisites. The Court therefore has jurisdiction over his Title VII claims.

Second, Upper Darby claims Larkin has failed to sufficiently plead that it was his employer under Title VII. Mem. Law Supp. Mot. Dismiss 9. Title VII requires a claimant to allege an employment relationship with the defendant. *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 119 (3d Cir. 2013). To determine whether an employment relationship exists, courts in the Third Circuit apply the test first set forth in *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992) to Title VII cases. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 213 (3d Cir. 2015). The *Darden* Court outlined a "non-exhaustive list of relevant factors" to be used in determining whether a hired party is an employee under the general common law of agency. *Id*. at 214. In making this determination for purposes of Title VII, courts should focus on which entity pays salaries, hires and fires employees, and has control over daily employment activities. *Id*. Larkin's amended complaint alleges Upper Darby determined his pay, decided when he was terminated, and controlled his daily employment activities, including the days and times he worked and the type of work Larkin performed. Am. Compl. ¶¶ 43-47. Larkin has therefore sufficiently alleged an employment relationship with Upper Darby.[1]

---

[1] Upper Darby admits Larkin "alleges some facts in the complaint about the role of [Upper Darby] in his daily job duties," but nevertheless argues he "fails to allege any facts about the role of the U.S. Medical." Mem. Law Supp. Mot. Dismiss 10. But U.S. Medical is not a defendant in this case. And Upper Darby claiming U.S. Medical employed Larkin does not foreclose Upper Darby

Finally, Upper Darby contends the Court cannot grant complete relief among the named parties because Larkin failed to join U.S. Medical as a necessary party. Mem. Law Supp. Mot. Dismiss 11. Under Federal Rule of Civil Procedure 19(a)(1)(A), a party is necessary if, "in that person's absence, the court cannot accord complete relief among existing parties." Upper Darby argues U.S. Medical's absence means the Court cannot grant complete relief among the existing parties because "[Upper Darby] was never [Larkin's] employer." Mem. Law Supp. Mot. Dismiss 11. As noted, Larkin has sufficiently alleged an employment relationship between himself and Upper Darby. Larkin is not alleging U.S. Medical engaged in any illegal activity—he is only alleging illegal removal by Upper Darby. Am. Compl. ¶¶ 42-47. U.S. Medical is thus not a necessary party. Accordingly, Larkin's Title VII claims survive Upper Darby's motion to dismiss.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

as another employer—two entities may be joint employers for purposes of Title VII. *See Faush*, 808 F.3d at 215.